UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. FALES,<br><br>      Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL CENTER, *et al.*,<br><br>      Defendants. | Civ. Action No. 23-1635 (JXN)(LDW)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff William J. Fales' ("Plaintiff") civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 5). The Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I. BACKGROUND**[1]

  On or about March 15, 2023, Plaintiff, an inmate confined in Hudson County Correctional Center ("HCCC") in Kearney, New Jersey, filed his Complaint in this matter

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

seeking to raise a claim against HCCC's Acting Director Oscar Aviles ("Defendant").[2] (ECF No. 1 at 4.) The Court construes the Complaint as raising a failure to provide adequate medical care claim. Plaintiff's claim arises from an incident in which a fellow inmate assaulted him.

According to the Complaint, in October 2022, Plaintiff participated in an argument with a fellow inmate. (*Id.* at 5.) Plaintiff submits that after the inmate threatened him, Plaintiff informed the inmate that he did not want to fight. (*Id.* at 6.) Shortly after their argument, the inmate approached Plaintiff from behind and choked Plaintiff until he passed out. (*Id.*) Plaintiff fell to the ground and the inmate proceeded to "stomp" on Plaintiff's head and face. (*Id.*)

Plaintiff submits that Officer Werman had been in the bathroom during the assault, and when he returned, Plaintiff was staggering trying to stand. (*Id.*) Plaintiff was escorted to the medical unit. (*Id.*) The Complaint submits that a Sergeant watched a video of the assault and insisted Plaintiff be sent to the hospital. (*Id.*) Hospital staff checked Plaintiff for internal bleeding and discharged him. (*Id.*)

The following day, Plaintiff noticed a "severe gash" on his tongue and experienced "terrible sharp pains coming from his neck." (*Id.*) Plaintiff requested to be seen by medical, but his requests were ignored. (*Id.*) Plaintiff also alleges that he submitted grievances that were not answered. (*Id.*) Plaintiff submits that he had problems eating and drinking, and his tongue is now disformed. (*Id.*) Plaintiff also experiences "terrible pain shooting from [his] neck and also [his] right arm has numerous numb spots, including losing grip with [his] right pointer finger/thumb." (*Id.*)

---

[2] In the caption of the Complaint, Plaintiff names HCCC as a defendant. However, Plaintiff only names Defendant Aviles as a defendant within the body of the Complaint. Therefore, the Court views Defendant Aviles as the sole defendant named in the Complaint. The Court notes that if Plaintiff is attempting to raise a claim against HCCC, that claim would be dismissed because a jail is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983").

2

Plaintiff seeks monetary damages. (ECF No. 1 at 6-7.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege

3

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

In the Complaint, Plaintiff alleges that Defendant is liable to him under 42 U.S.C. § 1983 because Defendant failed to provide adequate medical care. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege a claim for relief against Defendant Aviles.

#### A. Failure to State a Claim

##### *1. Supervisory Liability Claim*

4

As an initial matter, Plaintiff's Complaint fails to allege any specific facts against Defendant Aviles. (*See generally* ECF No. 1.) Plaintiff alleges he filed requests for medical care and grievances, which both went unanswered. (ECF No. 1 at 6.) Although unclear, the Court construes Plaintiff's Complaint as asserting a supervisory liability claim against Defendant Aviles.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the Complaint, Plaintiff does not pled facts that identify a specific policy or policies that Defendant failed to employ. Rather, Plaintiff vaguely alleges that he filed medical requests and grievances that went unanswered. Plaintiff fails to allege that Defendant Aviles participated in the decision to deny Plaintiff medical care, told others to deny Plaintiff medical care, or that Defendant Aviles even knew Plaintiff was denied medical care. Thus, Plaintiff has failed to state a claim under Section 1983 for supervisory liability. Accordingly, Plaintiff's claim against Defendant Aviles is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice.[3] The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**Dated**: June 8, 2023

JULIEN XAVIER NEALS
United States District Judge

---

[3] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

6